IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| BASILE BAUMANN PROST COLE & ASSOCS., INC, | * |
| Plaintiff, | * |
| v. | * |
| BBP & ASSOCS. LLC, *et al.*, | * |
| Defendants. | * |

CIVIL NO.: WDQ-11-2478

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Basile Baumann Prost Cole & Associates, Inc. (the
"Corporation") sued BBP & Associates LLC (the "LLC"), James
Prost, and Ralph Basile (collectively, the "Defendants") for
trademark infringement and other claims.  A two-week jury trial
is scheduled to begin on Monday, June 10, 2013.  For the
following reasons, the Defendants' motion to compel will be
denied.

I. Background[1]

The Corporation provides real estate development advisory
services.  Compl. ¶ 2.  By 2009, Basile, Prost, and R. Thomas
Cole owned all the Corporation's shares.  *See* Answer ¶ 15.

On December 31, 2009, Basile, Prost, Cole, and the
Corporation entered a Stock Redemption Agreement, whereby the

---

[1] For a more detailed factual background, see ECF No. 40.

Corporation agreed to redeem Basile and Prost's shares in exchange for $1.8 million and certain assets, including:

- 83 jobs,

- 138 "leads and proposals," and

- "[a]ll goodwill created on all past contracts and clients by Basile and Prost [within the last four years] to include but not be limited to any and all use of job qualifications and materials and job references for Basile and Prost's contracts and clients."

ECF No. 22-1, Ex. 2 at §§ 1, 2.1.1, 2.2.1, Schedule 2.2.1 (Revised). The Corporation "retain[ed] all [other] assets, properties[,] and rights," including the company name, office location and lease, telephone number, domain name and website, two-thirds of the Corporation's staff, and 70 percent of its contracts by revenue. *Id.* at § 2.2.1; Cole Decl. ¶ 44. A "Non-Competition" covenant provided that, for four years, Basile and Prost would not "in any manner . . . actively solicit business from any party who [wa]s currently a prospective client or ha[d] been, at any time during the four . . . years prior to the date of [the] Agreement, an active client . . . of . . . Cole and the Corporation." *Id.* at § 8.1.

On January 1, 2010, Basile and Prost formed the LLC, an "economics and real estate development advisory firm." Basile Decl. ¶ 8; Answer ¶¶ 6, 24.

On September 2, 2011, the Corporation sued, alleging that the Defendants had made misrepresentations and used a website, domain name, logos, acronyms, and marketing materials confusingly similar to the Corporation's, in violation of the Lanham Act,[2] the Anticybersquatting Consumer Protection Act,[3] and Maryland common law.  *See* Compl.

On January 17, 2012, discovery disputes were referred to U.S. Magistrate Judge Susan K. Gauvey.  *See* docket.  On January 26, 2012, Basile submitted a First Request for Production of Documents, seeking:

> **REQUEST NO. 6:**  Marketing material or promotional material delivered or made available, or presentations made, to a client, former client, prospective client, or potential client for the period January 1, 2010 to the present.

ECF No. 50-1 at 3 ("Request No. 6") (emphasis in original).  The Corporation responded:

> **Response:** BBPC objects on the ground of relevance.

*Id.* (emphasis in original).

On January 25 and February 13, 2012, the parties filed cross motions for summary judgment.  ECF Nos. 22, 23.

Basile's Second Request for Production of Documents, submitted on February 28, 2012, sought:

> **REQUEST NO. 11:**  All marketing materials generated by

---

[2] 15 U.S.C. § 1125(a)(1)(A) & (B).

[3] 15 U.S.C. § 1125(d)(1).

> Plaintiff subsequent to its name change in 2007 in
> which the company name listed in the marketing
> materials was represented as either Basile, Baumann,
> Prost & Associates or BBP.

ECF No. 50-1 at 3 ("Request No. 11") (emphasis in original).  To

this request, the Corporation responded:

> **Response:**   BBPC objects to Request No. 11 on the
> ground of overbreadth.   BBPC agrees to produce a
> sample of non-privileged, responsive documents.

*Id.* (emphasis in original).  The Corporation's responses to

Request Nos. 6 and 11 were served on February 28 and March 29,

2012, respectively.  ECF No. 50-2 at 2.  Also on March 29,

discovery closed.  *See* ECF No. 10 (scheduling order set the

discovery deadline as February 6, 2012); *see also* ECF No. 16

(order granting consent motion to extend all deadlines by six

weeks).

On March 23 and May 3, 2012, defense counsel sent letters

to Plaintiff's counsel, which "outlined" the Defendants'

objections to "some of" the Corporation's discovery responses.

ECF No. 50-1 at 3.  On May 2 and May 9, 2012, all counsel

participated in a conference call to discuss outstanding

discovery disputes.  *Id.*  On May 21 and July 12, 2012, defense

counsel sent letters to Plaintiff's counsel, which "memorial-

ized" the agreements reached during the conference calls and

requested production of certain documents. *Id.*[4] On August 3, 2012, the Corporation responded to the May and July letters, reiterating its objections to Request Nos. 6 and 11. *Id.* at 3-4. On August 8, 2012, defense counsel received additional documents from the Corporation, which allegedly did not include the requested materials. *Id.* at 4. On August 9, 2012, a telephone pretrial conference was held. *See* docket. That day, trial was scheduled for Monday, June 10, 2013. ECF No. 48.

On September 10, 2012, the Defendants served a motion to compel on the Corporation. ECF No. 50 ¶ 5; *see* Local Rule 104.8(a) (D. Md. 2011). On September 24, 2012, the Corporation served its opposition to the motion to compel. *Id.* On October 8, 2012, the Defendants served their reply. ECF No. 44. On November 1, 2012, the Defendants filed a Local Rule 104.7 certificate, to which they attached the foregoing documents. ECF No. 50; *see* Local Rule 104.8(c).

II. Analysis

The Defendants move to compel the Corporation to produce the marketing materials sought in Request Nos. 6 and 11. *See generally* ECF No. 50-1.

---

[4] On June 19, 2012, the Court denied both parties' summary judgment motions. ECF Nos. 40, 41.

A. Legal Standard

When notice has been given, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Local Rule 104.8(a), the motion to compel must be served within 30 days of the moving party's receipt of the objected-to response. Local Rule 104.8(a) (D. Md. 2011).[5] Further, the motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 104.7, and must be made "in the court where the action is pending," Fed. R. Civ. P. 37(a)(2). Interrogatories, document production requests, and requests for admission all are properly the subject of a motion to compel discovery under Rule 37. *See* Fed. R. Civ. P. 37(a)(3)(B).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1). *See, e.g.,* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R.

---

[5] Local Rule 104.8(a) provides, in relevant part: "[i]f a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response."

Civ. P. 34(a) (stating that document production requests must be "within the scope of Rule 26(b)"); Fed. R. Civ. P. 36(a)(1) (limiting requests to admission to "any matters within the scope of Rule 26(b)(1)").

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(3) (explaining that work product or trial preparation material ordinarily is not discoverable). If good cause is shown, the Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant inform-ation need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Further, "[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C)." *Id.; see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 n.10 (D. Md. 2008).

B. The Defendants' Motion to Compel

The Defendants argue that the requested marketing material is relevant, and bears upon facts of consequence, to the Corporation's Lanham Act claims. ECF No. 50-1 at 5. The Corporation contends that the motion to compel is untimely, and the documents are irrelevant. ECF No. 50-2 at 1. The

7

Corporation also seeks attorney's fees and costs incurred in opposing the motion. *Id.* at 5.

Under Local Rule 104.8(a), motions to compel are required to be served within 30 days after the moving party received unsatisfactory responses to its discovery requests. Here, the Corporation served written responses to the relevant discovery requests on February 28 and March 29, 2012, respectively. ECF No. 50-2 at 2. The Defendants have admittedly served the pending motion to compel more than five months later, on September 10, 2012. ECF No. 50 ¶ 5. Thus, the motion was served well beyond the 30-day period.

Despite these uncontested facts, the Defendants insist that the motion is timely, because they "made a good faith effort to pursue and resolve the various discovery disputes as contemplated by the Local Rules." ECF No. 50-3 at 3. *See generally id.* at 2-3. The Defendants emphasize that, in March and April 2012, defense counsel sent written communications to Plaintiff's counsel "detail[ing]" the Defendants' objections to the Corporation's responses and seeking discovery conferences. *Id.* at 2. Telephone conferences were held on May 2 and May 9, 2012. *Id.* Defense counsel recorded the outcome of the conferences in May 21 and July 12, 2012 letters. *Id.* According to the Defendants, "it was not until August 3, 2012" that the Corporation responded in writing to these letters. *Id.* On

August 8, 2012, the Defendants received additional--albeit unsatisfactory--documents from the Corporation.  ECF No. 50-1 at 4.

The timeliness for filing a motion to compel depends on the circumstances of each case.  *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332-33 (N.D. Ill. 2005).  Under the circumstances presented here, the Defendants' "good faith effort" to resolve the dispute cannot excuse the motion's tardiness.  The motion was served more than five months after discovery closed on March 29, 2012.  ECF Nos. 10, 16; *cf. Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, No. WMN-11-3562, 2012 WL 4470273, at *2 (D. Md. Sept. 26, 2012) (finding motion to compel untimely when it would require reopening of discovery).  The motion was served almost three months after this Court resolved the parties' cross motions for summary judgment.  ECF Nos. 40, 41; *cf. Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (district court did not abuse its discretion in denying motion to compel as untimely when movant knew of insufficient discovery responses before the discovery deadline but failed to file its motion to compel until after discovery closed and a summary judgment motion had been filed).[6]

---

[6] *See also* Fed. R. Civ. P. 1 (providing that the rules of civil procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Defendants' motion to compel is, under the circumstances, unjustifiably untimely.  Thus, the motion to compel will be denied.[7]

III. Conclusion

For the reasons stated above, the Defendants' motion to compel will be denied.

_____
Date   4/8/13

_____
William D. Quarles, Jr.
United States District Judge

---

Even accepting that the motion deadline was somehow "extended" or "tolled" while the parties sought to resolve the dispute, the Corporation's August 3, 2012 letter to the Defendants--and its production of documents on August 8, 2012--certainly made clear that its discovery responses were "unsatisfactory" from the Defendants' perspective.  *See* ECF No. 50-1 at 3-4; ECF No. 50-3 at 3 n.1.  The motion to compel was served more than 30 days later.

[7] The Court need not address the Corporation's alternative argument that the requested material is irrelevant.  As for the Corporation's request for attorney's fees and costs incurred in opposing the motion, Fed. R. Civ. P. 37(a)(5)(B) provides: "[i]f the [motion to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award or expenses unjust."  Conduct is "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Burkett ex rel. Estate of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 330 (N.D. W. Va. 2005) (internal quotation marks omitted).  The Court finds that the Defendants' motion addressed a genuine dispute.  Thus, attorney's fees and costs are not warranted.